UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-61204-CIV-MORENO

GARFIELD SPENCE,

    Plaintiff,

vs.

HAPPY WILLIAMS CORP. d/b/a New China
Restaurant, and WCI COMMUNICITIES,
LLC,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

Garfield Spence initiated this action against Defendants Happy William Corp. and WCI Communities Inc., seeking injunctive relief for alleged violations of the Americans with Disabilities Act. WCI Communities Inc. owns the real property at 730–750 McNab Road, Pompano Beach, FL 3306, and Happy William leases the premises and operates the New China Restaurant at that location. Spence contends that Defendants have violated the Americans with Disabilities Act by failing to remove physical barriers and other dangerous conditions at the McNab Road property that prevent Plaintiff and other disabled individuals from accessing and fully enjoying the New China Restaurant. Happy Williams subsequently filed its motion to dismiss (D.E. 11) on June 22, 2018. For the reasons below, that motion to dismiss is DENIED.

### I. STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's*

1

*Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## II. ANALYSIS

Happy Williams contends that Spence's Complaint fails for the following four reasons: (i) Spence failed to show that removal of the physical barriers is "readily achievable"; (ii) only the property owner, not the tenant, is liable for physical elements that violate the Americans with Disabilities Act; (iii) Spence failed to plead an injury in fact, so he lacks standing to pursue his claims; and (iv) Spence initiated his "frivolous" lawsuit "solely for monetary gain." The Court addresses each of those meritless arguments in turn.

First, Spence adequately pled that removal of the physical barriers is "readily achievable." Following its description of each physical barrier, the Complaint states in Paragraph 23 that "removal of the physical barriers and dangerous conditions present at New China Restaurant and the Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications." Paragraph 27 adds that "removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense." At the motion-to-dismiss stage, Spence's allegations sufficiently plead that removal of the physical barriers is "readily achievable."

Second, Happy Williams's status as a tenant does not preclude its liability under the Americans with Disabilities Act. The Act provides that "[n]o individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Happy Williams *leases* the McNab Road property and *operates* a place of public accommodation on the premises. Accordingly, Happy Williams can be held liable if the property fails to comply with the Americans with Disabilities Act.

Third, Spence has sufficiently alleged a likelihood of future harm to confer standing. To plead an injury in fact under the Americans with Disabilities Act, a plaintiff need only allege intent to return to the property in the future. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *see also Ramnarine v. Epic Realty of Ohio II, LLC*, No. 10-81162-CIV, 2001 WL 52410 at 2 (S.D. Fla. Jan 6, 2011). Here, Spence alleges that he "has visited New China Restaurant and the Property at least once before and intends on visiting New China Restaurant and the Property within the next six months, or sooner." Accordingly, he has adequately pled an injury in fact and has standing to sue.

Lastly, Happy Williams's contention that Spence initiated this action "solely for monetary gain" misses the mark. Spence seeks *injunctive relief*—a poor strategy if he's seeking a payout. And to the extent Happy Williams dislikes the statutory scheme that requires settling defendants to pay reasonable attorney's fees and costs, its beef is with Congress, not the courts.

### III. CONCLUSION

For the reasons discussed, Happy Williams's contentions lack legal merit. Accordingly, its motion to dismiss the complaint is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ of August 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

3